IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRANCE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION: 26-00272-JB-MU |
| | ) | |
| KENDRA BOOKER *et al*., | ) | |
| | ) | |
| Defendants | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Terrance Williams ("Plaintiff" or "Williams"), proceeding without an attorney, filed a complaint along with an incomplete motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP motion") (Doc. 2). Due to the deficiencies of Williams's IFP motion, the Court ordered Williams to file an amended motion on or before August 27, 2026. (*See* Doc. 3). To date, he has failed to comply with the Court's order and has failed to prosecute this action. For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

## I. Background

On July 22, 2026, the Court docketed Williams's complaint (Doc. 1), along with his IFP motion (Doc. 2). Williams's motion failed to attach a copy of his inmate account statement reflecting all transactions in his prisoner trust account for the 6-months before the action was filed and a signed certificate by the financial representative at the institution where he is confined as required by 28 U.S.C. § 1915(a)(2). (*See* Doc. 2). Because these items are required by statute, the Court ordered Williams to amend his IFP motion. (Doc.

3). Williams was also cautioned in the Court's order that failure to comply with the order by the prescribed deadline or failure to advise the Court of a change in address would result in the dismissal of the action for failure to prosecute and to comply with the Court's order. (*Id*. at 2). The order was mailed to Plaintiff and, to date, has not been returned as undeliverable.

As of October 13, 2026, Plaintiff Williams has not complied with the undersigned's order, nor has he filed anything further with the Court.

## II. Legal Analysis

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, as previously discussed, Plaintiff was ordered to file a motion to proceed without prepayment of fees that complied with 28 U.S.C. § 1915(a)(2) before proceeding with this action. To date, he has not. Nor has he communicated in any way with the Court. Plaintiff's deadline for compliance has now passed.

## III. Conclusion

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting

Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **13th** day of **October, 2026**.

*/s/ P.* BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**